**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAY 0 2 2008

Clerk, U.S. District and
Bankruptcy Courts

NUCOR CORPORATION, 1915 Rexford )
Road, Charlotte, North Carolina, 28211, )
)   Case No.:
Plaintiff, )
)   **DEFENDANTS' MOTION TO COMPEL**
v. )   **AND INCORPORATED**
)   **MEMORANDUM**
JOHN BELL, P.O. Box 1467, Columbus, )
Mississippi 39701 and SEVERCORR, LLC, )
P.O. Box 1467, Columbus , Mississippi 39701, )   Case: 1:08-mc-00275
)   Assigned To : Kollar-Kotelly, Colleen
Defendants. )   Assign. Date : 5/2/2008
)   Description: miscellaneous

Defendants John Bell ("Mr. Bell") and SeverCorr, LLC ("SeverCorr") (collectively,

"Defendants"), by and through their counsel, respectfully move this Court, pursuant to Federal

Rules of Civil Procedure 45(c)(2)(B)(i) and 45(c)(3), to modify a subpoena served on Dr. Peter

Morici ("Dr. Morici") and to compel Dr. Morici to produce the requested documents as stated in

the modified subpoena. The subpoena, attached as Exhibit A, relates to Case No. 2:06-cv-

02972-DCN, pending in the United States District Court for the District of South Carolina before

the Honorable David C. Norton ("South Carolina Action"). Judge Norton has ruled that the

documents identified in his Order are relevant and should be produced by May 9, 2008. (Order

dated April 30, 2008, attached as Exhibit B.)

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7(m),

Defendants have attempted to confer with counsel for Plaintiff and Dr. Morici in good faith in an

effort to resolve this dispute, but they have been unable to do so. (See Defendants' Certification

attached hereto as Ex. C.)

Fee Pd
$39.00

1

## STATEMENT OF POINTS AND AUTHORITIES

In the South Carolina Action, Nucor has alleged that Defendants misappropriated its trade secrets. Defendants claim that Nucor has no trade secrets and that it is simply trying to disrupt the operations of a new competitor, SeverCorr. The subpoena served on Dr. Morici relates to an analysis by Dr. Morici, sponsored by Nucor, which is entitled, *The SteelCorr Project In Columbus, Mississippi: An Economic Analysis* (the "Morici Report"). The Morici Report criticized SeverCorr's business plan and recommended that the state of Mississippi refuse to support the SeverCorr project.

Defendants first served Dr. Morici with a subpoena on March 12, 2008; however, attorneys for Nucor and Dr. Morici objected to producing the requested documents based on defects in the subpoena and in its service. In response, Defendants served a new subpoena, Exhibit A, on Dr. Morici on April 4, 2008, and moved the court in the South Carolina Action for a modification of the scheduling order to allow Defendants additional time to obtain the subpoenaed documents. Nonetheless, Dr. Morici objected to the subpoena. (Letter from T. Kirby to G. Horton, dated April 10, 2008, attached as Exhibit D.) Defendants offered to work with Dr. Morici's attorney to narrow the scope of the subpoena, but Dr. Morici's attorney refused. (Emails between G. Horton and T. Kirby, dated April 11, 2008, attached as Exhibit E.) On April 30th, Judge Norton entered an Order granting Defendants' request for an extension of time for Defendants to obtain the documents at issue from Dr. Morici and holding that the documents sought are discoverable and should be produced by May 9, 2008.

It is appropriate for this Court to enforce the subpoena because it issued from the U.S. District Court for the District of Columbia, the production is to take place in the District of Columbia, and the production is to take place at a location that is less than 100 miles from

2

College Park, Maryland, where Dr. Morici and the University of Maryland are located.  Pursuant

to Rule 45(c)(3), Defendants respectfully request that this Court modify the subpoena served on

Dr. Morici to require production by May 9, 2008 of the more narrowly tailored requests

identified in Judge Norton's April 30th Order.  A proposed order that reflects this proposed

tailoring is attached.

Dated:  May 2, 2008

Respectfully submitted,

Steven D. Tibbets (Bar No. 495132)
stibbets@reedsmith.com

**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
(202) 414-9242

Tarek Abdalla (Pa. I.D. No. 59924)
tabdalla@reedsmith.com
Joseph F. Rodkey, Jr. (Pa. I.D. No. 66757)
jrodkey@reedsmith.com
**REED SMITH LLP**
435 Sixth Avenue
Pittsburgh, PA  15219
(412) 288-7258/7206

William C. Cleveland, III
wcleveland@buistmoore.com
Fed. ID 179
Greg Horton
ghorton@buistmoore.com
Fed. ID 7103
**Buist Moore Smythe McGee P.A.**
5 Exchange Street
Charleston, S.C. 29402-0999
(843) 720-4606/4625

*Counsel to John Bell and SeverCorr, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this May 2, 2008, a true and correct copy of the

foregoing **DEFENDANTS' MOTION TO COMPEL AND INCORPORATED**

**MEMORANDUM** was served via hand delivery and electronic mail on the following person:

Thomas W. Kirby
Wiley Rein, LLP
1776 K Street, N.W.
Washington, D.C.  20006
COUNSEL FOR PETER MORICI, PH.D.

The undersigned hereby further certifies that on this May 2, 2008, a true and correct copy

of the foregoing **DEFENDANTS' MOTION TO COMPEL AND INCORPORATED**

**MEMORANDUM** was served via overnight United Parcel Service and electronic mail on the

following person:

J. Walker Coleman, IV, Esq.
Parker Poe Adams & Bernstein, LLP
200 Meeting Street
Suite 301
P.O. Box 160
Charleston, S.C.  29402-0160
COUNSEL FOR PLAINTIFF NUCOR CORPORATION


Steven D. Tibbets (Bar No. 495132)
stibbets@reedsmith.com

**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
(202) 414-9242

# EXHIBIT A

2:06-cv-02972-DCN      Date Filed 04/07/2008      Entry Number 311-9      Page 1 of 6

≳AO88 (Rev. 12.06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

NUCOR CORPORATION,

V.

JOHN BELL and SEVERCORR, LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-cv-02972-DCN

*Pending in District of South Carolina, Charleston Division*

TO:  Peter Morici, Ph.D., Professor, Robert H. Smith
School of Business, University of Maryland
3413 Van Munching Hall, College Park, MD  20742-1815
301-405-2136

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED EXHIBIT A

| PLACE  Reed Smith LLP  1301 K Street, N.W., Suite 1100 - East Tower, Washington, D.C. 20005. Tel: 202-414-9200, Fax: 202-414-9299 | DATE AND TIME 4/19/2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 4/4/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Greg Horton [Fed Id.: 7103], Attorney for Defendants, BUIST MOORE SMYTHE McGEE P.A., 5 Exchange Street, Charleston, S.C. 29401-2593. ghorton@buistmoore.com; (843) 720-4606/4625

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 04-04-08<br>at 3:22 p.m. | 810 S. Royal Street<br>Alexandria, Virginia 22314 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Peter Morici, Ph.D. | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Michael R. Reeder | Private Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___04-07-08___
          DATE

SIGNATURE OF SERVER

Capitol Process Services, Inc.
                    1827 18th Street, NW
ADDRESS OF SERVER   Washington, DC 20009
                    (202) 667-0050

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

computer discs, electronically stored data in any form, email, accounts, photographs, agreements, contracts, memoranda, advertising materials, letters, telegrams, objects, reports, records, transcripts, studies, notes, notations, working papers, intra-office communications, charts, minutes, index sheets, computer software and printouts, checks, check stubs, delivery tickets, bills of lading, invoices, recordings of telephone or other conversations, communications, occurrences, interviews and conferences, sound and video recording, and any other material upon which information can be stored and retrieved, including all written, recorded, electronically stored, transcribed, punched, taped, filmed and graphic matter.

3.    Whenever a reference herein is made to any person, firm, corporation, partnership, association or other entity, such reference shall also mean any of such person's present or former spouses, officers, employees, agents, directors, or shareholders, or any of its present or former subsidiaries, parent corporation or predecessor or affiliate corporations, partnerships, trusts, associations or any other entities in which such person has or has had an interest, and any person, firm, partnership, corporation, independent contractor, broker or other entity acting on its behalf, and it shall also mean the person referred to acting jointly with any of the persons referred to in the paragraph.

4.    The terms "and" and "or" as used herein shall be both conjunctive and disjunctive.

5.    The terms "concerning" or "concerned" as used herein shall mean referred to, alluded to, related to, connected with, commencing on, in respect of, about, regarding, discussing, constituting, showing, describing, in support of, in substitution of, reflecting and analyzing.

{01159085.}

6.      Unless the context indicates otherwise, the term "Nucor" refers to Nucor Corporation, and any of its past or present officers, directors, employees, agents, attorneys and predecessors-in-interest.

7.      Unless the context indicates otherwise, the term "you" and "your" as used herein shall refer to you and any of your agents.

8.      Whenever these requests seek documents claimed by you to be privileged, you shall include a statement of the identity of such document, the fact of such claim of privilege and the basis for such claim of privilege.  In identifying the document, you shall describe the document and state its author, its location, and the identity of the person or persons having custody or control over it.

9.      This discovery shall be continuing in nature, and you are required to serve supplemental answers and produce responsive documents as additional information is found or becomes available.

10.     The use of the singular form of any word includes the plural and vice-versa; and the use of any tense of any verb should be considered to include also within its meaning all other terms of the verb so used.

## DOCUMENTS REQUESTED

1.      All documents that you reviewed or consulted in reaching the opinions expressed in "The SteelCorr Project in Columbus, Mississippi:  An Economic Analysis" ("Report").

2.      From January 1, 2000, to the present, all documents concerning any communication between you and Nucor including, but not limited to any communication with Nucor's lawyers or consultants.

3.      All documents concerning any consulting you have done for Nucor from January 1, 2000 to the present.

4.      For the period, January 1, 2000 to the present, all documents concerning grants or funding you have received or requested from Nucor on behalf of yourself or any person.

{01159085.}

5.      All documents concerning lawsuits in which you have served as an expert for or provided reports for Nucor.

6.      For the period January 1, 2000 to the present, all documents concerning any money paid to you by Nucor.

7.      For the period January 1, 2000 to the present, all documents in your possession concerning Nucor's involvement in the Report.

8.      For the period January 1, 2000 to the present, all documents in your possession concerning financial contributions by Nucor to the University of Maryland at College Park, the Robert H. Smith School of Business, or any other institution or entity with which you are involved.

{01159085.}

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nucor Corp., | ) | |
| | ) | C/A No. 2:06-CV-02972-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| John Bell and SeverCorr, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court defendants' motion for enlargement of time

pursuant to Federal Rule of Civil Procedure 6(b), in which they request an amendment of

the scheduling order to provide additional time to request production of documents.

[Docket Entry 311]. In particular, they request an extension of time to obtain documents

via subpoena from Dr. Peter Morici, who authored a report concerning SeverCorr, and

the University of Maryland, which is Dr. Morici's employer. Plaintiff opposes the

defendants' motion and has filed its own motion for a protective order relating to these

issues. [Docket Entry 330/350].

In their reply brief and in oral argument, defendants agreed to more narrowly

tailor the documents requested from Dr. Morici and the University as set forth below:

*Requests for Dr. Morici limited to the following:*

1.   All documents that you reviewed or consulted in reaching the
     opinions expressed in "The SteelCorr Project in Columbus,
     Mississippi:An Economic Analysis" ("Report");

2.   From January 1, 2004, to the present, all documents concerning any
     communication between you and Nucor regarding the Report,

1

SeverCorr, SteelCorr and/or John Correnti, including, but not limited to, any communication with Nucor's lawyers or consultants;

3.   For the period January 1, 2003 to the present, all documents in your possession concerning Nucor's involvement in the Report; and

4.   For the period January 1, 2003 to January 1, 2006, all documents concerning payments or financial support given to you by Nucor.

*Requests for the University of Maryland limited to the following:*

1.   For the period January 1, 2004 to  January 1, 2007, all documents concerning any communication between employee, Dr. Peter Morici, and Nucor regarding SeverCorr, SteelCorr and/or John Correnti, including, but not limited to, any communication with Nucor's lawyers or consultants;

2.   For the period January 1, 2004 to January 1, 2007, all documents concerning Nucor's financial support of Dr. Peter Morici or the University, including, but not limited to, financial statements;

3.   For the period January 1, 2004 to January 1, 2007, all documents concerning any money paid to professor Peter Morici or the University by Nucor.

After considering the parties' written submissions and oral argument, the court finds that the documents sought are discoverable, should be produced by May 9, 2008, and that good cause exists for amending the scheduling order to provide additional time for defendants to obtain the requested documents from Dr. Morici and the University.

2

Accordingly, it is hereby **ORDERED** that defendants' motion for enlargement of time be **GRANTED** and that plaintiff's motion for protective order be **DENIED** as moot.

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

April 30, 2008
Charleston, South Carolina

3

# EXHIBIT C

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NUCOR CORPORATION, | ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | **CERTIFICATE OF CONSULTATION** |
| JOHN BELL and SEVERCORR, LLC, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Pursuant to Federal Rule of Civil Procedure 37(a)(1), counsel for Defendants have attempted to confer with counsel for Plaintiff and Dr. Morici in good faith in an effort to resolve this dispute, but they have been unable to do so.

Dated: <u>May 1, 2008</u>

*S/ Greg Horton*

Greg Horton
ghorton@buistmoore.com
William C. Cleveland, III
wcleveland@buistmoore.com
Buist Moore Smythe McGee P.A.
5 Exchange Street
Charleston, S.C. 29402-0999
(843) 720-4606/4625

Tarek Abdalla (PA I.D. No. 59924)
tabdalla@reedsmith.com
Joseph F. Rodkey, Jr. (PA. I.D. No. 66757)
jrodkey@reedsmith.com
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA  15219
(412) 288-7258/7206

Counsel to John Bell and SeverCorr, LLC

{01225495.}

# EXHIBIT D



1776 K STREET NW
WASHINGTON, DC 20006
PHONE 202.719.7000
FAX 202.719.7049

7925 JONES BRANCH DRIVE
McLEAN, VA 22102
PHONE 703.905.2800
FAX 703.905.2820

www.wileyrein.com

April 10, 2008

Thomas W. Kirby
202.719.7062
tkirby@wileyrein.com

Greg Horton, Esq.
Buist Moore Smythe McGee P.A.
5 Exchange Street
Charleston, SC 20742

Re:     Second Subpoena to Professor Morici – Nucor v. Bell

Dear Mr. Horton:

On behalf of my client, Professor Peter Morici, I object to your repeated harassment of him with invalid subpoenas.

On March 12 you had delivered to one of his colleagues – not him – a purported subpoena for documents, issued from the federal court in Maryland but calling for production in South Carolina. That document was facially invalid for each of the many reasons listed in my March 25 letter of objection. It was not a serious effort to invoke Rule 45 and certainly was not calculated to achieve prompt compliance. In the face of my objection, you abandoned the first subpoena and caused Professor Morici to be served on April 4 with a new subpoena from a the federal court in D.C., purporting to demand compliance with the same sweeping demands at a new time, April 17, and a new place, Washington, D.C.

The new subpoena revealed that the case in which you sought discovery was in the U.S. District Court for South Carolina, information the first subpoena omitted in direct violation of Rule 45. I obtained the Scheduling Order in that case. It specifies (¶5) that "discovery shall be completed no later than April 4, 2008 [and] requests shall be served in time for the responses thereto to be served by this deadline" (emphasis by court). Of course, it is forbidden to use a "subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery." 9A FPP Civ.2d § 2452 & n. 11 (collecting authorities).

Neither of your subpoenas were a reasonable effort to obtain a response before April 4. They were not rifle-shot requests for a few easily identified items. Instead, they were the type of sweeping document demands often directed to parties. Rule 34 guarantees a party 30 days to make initial objections, with actual production thereafter. In fairness, a third party who receives such a sweeping demand should receive more time, not less. Thus, if you had seriously sought to comply with the April 4 discovery deadline, you would have served a facially valid subpoena some time in February. Starting in mid-March guaranteed that the April 4 deadline would not be met, doubly so since the initial subpoena was facially invalid. And your second subpoena, though it calls for production two-weeks after the deadline, would require months if the deadline were extended.



Greg Horton, Esq.
April 10, 2008
Page 2

Rule 43 permits lawyers, as officers of the court, to act in the court's name, exercising its power. With that exceptional authority comes a high duty to avoid misuse of the court's authority. By commanding Professor Morici to begin reviewing sweeping demands and evaluating a massive number of documents you knew you were legally forbidden to seek, you committed a serious abuse.

In response to my emails, you did not dispute that the new subpoena violated the discovery deadline. Instead, three days after it was served, you filed a motion to extend the deadline. But that is a mere motion, not an order, and it is contested by your opposing party, Nucor. You had no right to use the power of the D.C. court as if you already had obtained relief. Nor does the law recognize springing subpoenas, unlawful when served but later given life.

Professor Morici objects to the subpoena in its entirety as unlawful and abusive. In the circumstances, he has no duty to review the document requests or his records to develop other more detailed objections. However, it is apparent that each request is irrelevant, overbroad, unduly burdensome and intrusive, makes no provision for expense or compensation, violates attorney-client, work product, and First Amendment privilege, threatens trade secrets, academic freedom, and the confidential interests of Nucor and Professor Morici, improperly seeks expert opinion, encompasses electronic and other data not readily available, provides inadequate time, and reflects an improper purpose.

If you believe the second subpoena was valid and lawfully requires Professor Morici to be devoting resources to preparing to respond, please so advise by noon tomorrow, providing an explanation and any authority you rely upon. Otherwise, Professor Morici will regard the second subpoena as dead on delivery.

I again remind you that Rule 45(c)(1) requires one issuing a subpoena to take "reasonable steps to avoid imposing undue burden or expense" and specifies that the court "must enforce this duty and impose an appropriate sanction." You twice have violated that obligation and have seriously abused the authority of the U.S. District Courts in D.C. and Maryland. My client reserves all rights under that provision.

Sincerely yours,

Thomas W. Kirby

# EXHIBIT E

**From:** L. Gregory Horton [mailto:GHorton@Buistmoore.com]
**Sent:** Friday, April 11, 2008 11:51 AM
**To:** Kirby, Thomas
**Cc:** Coleman, IV, J. Walker; Abdalla, Tarek F.; Lehner, Randall D.; Will Cleveland; Christine Eadie
**Subject:** RE: NUCOR-v-SEVERCORR -- Attached Letter Objecting to Subpoena

Dear Thomas,

Thank you for your letter of April 10th. I had a meeting out of the office this morning and have just finished reading it. In light of your prior emails, at hearing we had yesterday, I requested that Judge Norton rule on my motion for an enlargement of time. I have attached that letter for you. Walker Coleman, Nucor's attorney, opposed my request, and I will forward his email and letter to you immediately. I am copying Mr. Coleman on this email. Judge Norton appeared to understand that we needed this issue decided quickly, and he told Mr. Coleman to respond to my request for an extension by next Wednesday.

In your letter, you make it very clear that you think the subpoena to Dr. Morici is overly broad and can be narrowed. I will be happy to work with you to do that. I do not know how Dr. Morici stores his information or how difficult it is for him to retrieve it, but I can assure you that I will seek to be reasonable.

In light of the above, I will work with you and Dr. Morici to narrow the document requests and extend the time for producing documents. Of course, if Judge Norton denies my motion, the issue will be moot.

Will you please let me know whether you will still oppose the subpoena on the grounds that it is in violation of the discovery deadline, even if Judge Norton grants my motion to extend the deadline for purposes of obtaining documents from Dr. Morici? If you plan to do so, I would like to inform Judge Norton and consider whether another subpoena would need to be issued after his such order.

I am in the office for most of the day if you have any questions or would like to discuss this.

Sincerely,

Greg

Greg Horton
Buist Moore Smythe McGee P.A.
5 Exchange Street
Charleston, SC 29401

P.O. Box 999
Charleston, SC 29402
Telephone: 843-722-3400
Direct Dial: 843-720-4625
Facsimile: 843-723-7398
ghorton@buistmoore.com

**From:** Kirby, Thomas [mailto:TKirby@wileyrein.com]
**Sent:** Thursday, April 10, 2008 4:30 PM
**To:** L. Gregory Horton
**Subject:** RE: NUCOR-v-SEVERCORR -- Attached Letter Objecting to Subpoena

3

**L. Gregory Horton**

| | |
|---|---|
| From: | L. Gregory Horton |
| Sent: | Friday, April 11, 2008 12:25 PM |
| To: | 'Kirby, Thomas' |
| Cc: | Coleman, IV, J. Walker; Abdalla, Tarek F.; Lehner, Randall D.; Will Cleveland; Christine Eadie |
| Subject: | RE: NUCOR-v-SEVERCORR -- Attached Letter Objecting to Subpoena |

Dear Thomas,

I am sorry that my letter was not clear. I do not want to put Dr. Morici in the "untenable position of being required to begin compliance efforts." That is why I offered to work with you to narrow the requests and extend the deadline. I do not think that it would be efficient for him to begin compliance efforts until we determine if and how the requests should be narrowed. I would also understand if he did not want to begin gathering documents until Judge Norton issued a ruling. In short, we believe that the subpoena is valid, but we are willing to work with you.

In light of the above, please let me know if you will attempt to quash the subpoena, even if Judge Norton decides to extend discovery to allow us to obtain documents from Dr. Morici. That is something that Judge Norton may want to consider in crafting any ruling he might make.

Sincerely,

Greg

Greg Horton
Buist Moore Smythe McGee P.A.
5 Exchange Street
Charleston, SC  29401

P.O. Box 999
Charleston, SC  29402
Telephone: 843-722-3400
Direct Dial: 843-720-4625
Facsimile: 843-723-7398
ghorton@buistmoore.com

---

**From:** Kirby, Thomas [mailto:TKirby@wileyrein.com]
**Sent:** Friday, April 11, 2008 12:09 PM
**To:** L. Gregory Horton
**Cc:** Coleman, IV, J. Walker; Abdalla, Tarek F.; Lehner, Randall D.; Will Cleveland; Christine Eadie
**Subject:** RE: NUCOR-v-SEVERCORR -- Attached Letter Objecting to Subpoena

## Mr. Horton:

I believe my letter was explicit that we do not believe a subpoena served in violation of a court ordered deadline can retroactively be given life by a later change in the deadline. That would put the recipient of the subpoena in the untenable position of being required to begin compliance efforts pursuant to an unlawful document on the chance that things might

1

change.  And it would reward parties and counsel for abusing the subpoena power.

My letter had asked your position on whether the recent subpoena was valid and imposed any response obligation on Prof. Morici.  Your email does not assert that the subpoena is valid, much less explain how it could be or provide any supporting authority.  Accordingly, we regard the present subpoena as dead on arrival.

That said, and without prejudice to our legal positions, the nature of Professor Morici's response has reflected, in substantial part, the sweeping and abusive scope of the demands, not to mention the involvement of his employer.  After all, any communications between Professor Morici and Nucor that are a proper subject of discovery presumably could and should be obtained from Nucor without burdening third parties.  However, I certainly would pass along to my client a letter proposing a few rifle-shot requests for specific items and otherwise abandoning the sweeping demands previously made against him and the University.

Regards,

Tom Kirby

Thomas W. Kirby
Wiley Rein LLP
1776 K Street NW
Washington, D.C. 20006

DD:  202.719.7062
FX:  202.719.7049
email:  tkirby@wileyrein.com

PLEASE NOTICE: If this message appears to contain confidential or privileged material not intended for you, please delete it and inform me by reply. Nothing in this message provides tax or securities law advice. No one but a current client of the firm may rely on any legal advice or conclusions contained in this message. Unless we explicitly state otherwise, communications with an entity that has not been formally accepted as a client do not give rise to any duty of confidence or fiduciary obligation on our part.